UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT EBERLE,<br><br>Defendant. | No. 2:07-CR-0366 KJM<br><br><br><br>ORDER |

Defendant Robert Eberle filed a motion for early termination of supervised release. The government has opposed the request; defendant has not replied although given the opportunity. The motion is DENIED, as explained below.

I.   BACKGROUND

On March 11, 2014, following his conviction for securities fraud, 15 U.S.C. § 77q(a), defendant Robert Eberle ("Eberle") was sentenced by Judge Garland E. Burrell to 60 months in prison followed by 36 months of supervised release. ECF No. 350 (Sentencing Mins.). In addition, the court imposed a total restitution obligation of $13,208,003.54, jointly and severally with co-defendant Barbara Eberle. *Id.* Eberle began his term of supervised release on July 13, 2018, and moved for early termination under 18 U.S.C. § 3583(e)(1) on January 9, 2020. Mot., ECF No. 391. Eberle asks for early termination largely because of his age. *Id.* at 2. The

1

government opposes Eberle's early termination motion. Opp'n, ECF No. 393. Eberle's probation officer does not support early termination. *Id.* at 2. For the following reasons, having carefully considered the question, the court DENIES Eberle's motion.

II.     LEGAL STANDARD

After a defendant has served at least one year on supervised release, a court may terminate the defendant's term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014). In making this determination, courts consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1)-(a)(7).

"It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." *Emmett*, 749 F.3d at 824 (citations omitted). A defendant typically carries his burden "by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." *Id.* (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)). But because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

2

III. <u>DISCUSSION</u>

After carefully considering the parties' submissions and all the statutory factors, the court finds the defendant has not met his burden of presenting facts and circumstances to warrant early termination of supervised release. *See* 18 U.S.C. §§ 3553(a), 3583(e)(1). Based on the circumstances of this case, the fourth, fifth and sixth factors are not applicable here. The court reviews the remaining factors below.

The first factor involves the nature and circumstances of the offense. Mr. Eberle was found guilty of securities fraud. Judgment, ECF No. 352. The government opposes Eberle's request for early termination on grounds that "he and his wife defrauded at least 291 individual investors of over $13 million . . . One victim stated: 'I was devastated by my loss of $70,000. This was all the money I had.' . . . Another couple stated that their investment of $116,572 was their retirement savings . . . they were in their seventies without any hope for future employment." Opp'n at 2. Finally, the government contends the "Eberles profited from their scheme. Between 2001 and 2006, their companies received approximately $2,885,448.92 in commissions." *Id.* Given the large amount of money involved, the number of victims, and the harm Eberle's crime caused for the victims, this factor weighs against granting early release.

The second factor involves deterrence of criminal conduct. The government contends, "[w]hile on supervision, Eberle has not always been forthright with his probation officer." *Id.* For example, according to his probation officer, "Eberle did not disclose a bank account that had thousands of dollars in it and when confronted, Eberle said he forgot." *Id.*[1] This factor, too, counsels against granting early release.

The third factor, protection of the public, also weighs against granting early termination. In addition to not being forthright with his probation officer about an existing bank account, Eberle has left the district without permission, and his probation officer had to conduct an administrative hearing in order to warn Eberle to follow the conditions of his release. *Id.*
/////

---

[1] The court has conferred with the probation officer supervising Mr. Eberle in the Northern District of Georgia, who has confirmed his objection to early release.

Next, the court considers the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Here, defendant and his co-defendant wife received similar sentences and by separate order filed concurrently, she is not being granted early termination of supervised release.

Accordingly, the remaining § 3553 factor for the court to consider is the need to provide restitution to any victims of the offense. The government argues, "Eberle owes over $13 million to his victims, who were individual investors in life settlements or viatical settlements." *Id.* at 2. Under the supervision of the court's probation office, defendant is required to pay $50 a month. *Id.* The government notes that it is "unclear whether Eberle will continue paying any restitution if his supervised release is terminated early." *Id.* Here, a $50 a month payment comes nowhere near satisfying the victims' losses in this case. Because of the need for continued payment of restitution, with close supervision, the court finds this factor too weighs in favor of denying Eberle's motion for early termination of supervised release.

Accordingly, upon evaluation of the 18 U.S.C. § 3553 factors, which weigh against early termination, and having considered the defendant's post-incarceration conduct, as well as the opposition by the government and probation office, this court finds that Eberle's request for early termination of his supervised release is unwarranted, and it does not serve the interest of justice. Therefore, the motion is DENIED.

IT IS SO ORDERED.

DATED: March 19, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE